UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FATIMA JEWETT<br>2333 W. Huntingdon St.<br>Philadelphia, PA 19132,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT SERVICES, INC.<br>615 J.B. Hunt Corporate Drive<br>Lowell, AR 72745,<br><br>Defendant. | C.A. NO: 2:26-cv-01581<br><br>***TRIAL BY JURY DEMANDED*** |

**COMPLAINT**

Plaintiff/Employee, Fatima Jewett, by and through her undersigned attorneys, files the within Complaint **WITH DEMAND FOR TRIAL BY JURY**, and avers as follows:

**I.   PARTIES, JURISDICTION & VENUE**

1. Plaintiff/Employee, Fatima Jewett, is an adult female individual domiciled at the above-captioned address.

2. Defendant/Employer, J.B. Hunt Transport Services, Inc., is a transportation and logistics company with its principal place of business at the above-captioned address.

3. Defendant employs over 30,000 full-time employees.

4. This Court has original federal question jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act, 29 U.S.C. § 206(d).

5. This Court has supplemental jurisdiction over claims brought under the Pennsylvania Human Relations Act, 43 Pa.C.S.§951 (the "PHRA") and the Pennsylvania Equal Pay Law.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), cross-filed with the Pennsylvania Human Relations

Commission (the "PHRC"). EEOC Charge No: 530-2025-03497; PHRC No: 202402094 (the "Charge").

7. The Charge was timely brought within the relevant time period to bring claims under federal and state laws. The events, acts and omissions which give rise to the Charge have occurred within 180 days (or alternatively 300 days) of the acts, pattern and practices as pled herein.

8. In addition, or in the alternative, this Charge alleged a continuing pattern of discrimination; relief may be granted to all acts, pattern and practices regardless of when they occurred.

9. Venue is appropriate in this Court and in Philadelphia because was based out of Philadelphia while employed by Defendant. The discriminatory assignment practices alleged herein affected Plaintiff's compensation and employment in Philadelphia. Defendant also conducts substantial business within this District and in Philadelphia.

10. At all relevant times, Plaintiff is an "employee" and Defendant is an "employer" as defined in and/or within the meaning of all relevant laws, including Title VII and the PHRA.

## II.   FACTUAL ALLEGATIONS

11. Plaintiff is employed by Defendant as a truck driver.

12. Plaintiff was hired on or about August 22, 2023.

13. At all times while Plaintiff was employed by Defendant, Plaintiff's performance history was excellent.

14. At all times material, Plaintiff was and is qualified for the position she held.

15. Plaintiff's sex, female, factored into Defendant's decision to reassign Plaintiff from longer truck routes.

16. Defendant engaged in a pattern and practice of reassigning Plaintiff from long-haul, higher-paying routes to shorter, lower-paying routes, reducing her earnings and career advancement opportunities. On multiple occasions, Plaintiff's assigned routes were changed or canceled altogether,

in favor of male drivers. Defendant's records will establish this pattern and practice throughout Plaintiff's tenure for Defendant.

17.     Plaintiff complained to Defendant on several occasions.  Defendant has failed and refused to remediate the discriminatory conduct.

18.     In or about September 2024, Plaintiff complained to her manager, Orlando McClane. McClaine admitted Defendant's discriminatory motive for Plaintiff's reassignment.  He stated, "Did you ever stop to think it's because you're a single mom?"

19.     Defendant's misconduct has caused Plaintiff great anxiety, sleeplessness and distress.

20.     As a direct and proximate result of Defendant's misconduct, Plaintiff was injured in the following ways:

   a. Lost wages, back pay and future wages;
   b. Lost prospective earning and diminished earning capacity;
   c. Lost benefits;
   d. Loss of the ability to advance through the ranks at Defendant's employment;
   e. Embarrassment and humiliation;
   f. Severe emotional distress; and
   g. Such other damages as has been set forth in detail above and incorporated herein by reference and as will be established through the course of discovery.

21.     Defendant's conduct is knowing, willful, malicious, reckless, wanton and outrageous.

**COUNT I     SEX DISCRIMINATION**

22.     Repeats and realleges paragraphs 1-20 as if set forth at length herein.

23.     The conduct described above constituted intentional discrimination

24.     Defendant caused Plaintiff to suffer adverse employment actions that affected Plaintiff's employment in a serious and tangible way with respect to Plaintiff's compensation terms, conditions and/or privileges of employment, as is set forth above and incorporated herein by reference.

25. Plaintiff's sex, female, was a motivating factor in discriminating against Plaintiff. In addition, or in the alternative, Plaintiff's sex, female, was a determinative factor in Defendant's decisions to discriminate against Plaintiff.

26. As a direct and proximate result of Defendant's discrimination, Plaintiff suffered injury, as set forth above and incorporated herein by reference.

27. Defendant's conduct is knowing, willful, malicious, reckless, wanton and outrageous.

**COUNT II   PENNSYLVANIA HUMAN RELATIONS ACT**

28. Repeats and realleges paragraphs 1-26 as if set forth at length herein.

29. For all the reasons why Defendant violated Title VII as set forth above, Defendant also violated the Pennsylvania Human Relations Act.

30. As a result, Plaintiff suffered injury.

31. Defendant's conduct is knowing, willful, malicious, reckless, wanton and outrageous.

**COUNT III   PHILADELPHIA FAIR PRACTICES ORDINANCE**

32. Repeats and realleges paragraphs 1-30 as if set forth at length herein.

33. The foregoing violations of Title VII and PHRA also constitute violations of PFPO.

34. As a result of Defendant's discriminatory conduct, Plaintiff suffered harassment and several adverse employment actions as set forth above and incorporated herein by reference.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

36. Defendant's conduct is knowing, willful, malicious, reckless, wanton and outrageous.

**COUNT IV   EQUAL PAY ACT**

37. Repeats and realleges paragraphs 1-35 as if set forth at length herein.

38. Defendant's conduct also constitutes a violation of the Equal Pay Act, 29 U.S.C. § 206(d), which prohibits wage discrimination on the basis of sex.

39. Plaintiff performed the same work as male truck drivers, yet was systematically reassigned from long-haul, higher-paying routes to shorter, lower-paying routes. These reassignments effectively reduced Plaintiff's earnings compared to her male counterparts performing substantially equal work under similar conditions.

40. Defendant maintained a practice of assigning Plaintiff shorter, lower-paying routes than male drivers performing the same job, resulting in lower overall earnings despite the same rate of pay per mile.

41. Defendant has not provided a valid justification based on seniority, merit, productivity, or any other factor other than sex for the disparity in earnings.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered financial losses, including but not limited to lost wages and benefits.

**COUNT V    PENNSYLVANIA EQUAL PAY LAW**

43. Repeats and realleges paragraphs 1-40 as if set forth at length herein.

44. Defendant's conduct also constitutes a violation of the Pennsylvania Equal Pay Law, 43 Pa.C.S. § 336.1 *et seq.* which prohibits wage discrimination on the basis of sex.

45. Plaintiff performed the same work as male truck drivers, yet was systematically reassigned from long-haul, higher-paying routes to shorter, lower-paying routes. These reassignments effectively reduced Plaintiff's earnings compared to her male counterparts performing substantially equal work under similar conditions.

46. Defendant has not provided a valid justification based on seniority, merit, productivity, or any other factor other than sex for the disparity in earnings.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered financial losses, including but not limited to lost wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs, plus such other relief as this Court deems just and proper.

***TRIAL BY JURY DEMANDED***

Respectfully submitted,

CREECH & CREECH, LLC

*/s/ Timothy P. Creech*
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:      March 11, 2026